**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO CAMACHO CABALLERO, | No. 19-70641 |
| Petitioner, | |
| v. | Agency No. A205-699-975 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Gustavo Camacho Caballero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's determination that Camacho Caballero failed to establish the harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Camacho Caballero's withholding of removal claim fails.

As to CAT, the IJ misstated the record in finding that Camacho Caballero did not present "any evidence" that the Mexican government is willfully blind to torture. As the IJ found, Camacho Caballero credibly testified that the municipal police in Nogales work for the cartel that tortured him in 2017. In the BIA's analysis of Camacho Caballero's CAT claim, it found no error in the IJ's factual determinations. Thus, the agency erred by failing to consider all relevant evidence and remand is warranted. *See Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011) (agency decision cannot stand where there is any indication it did not consider all evidence before it, including "misstating the record"); *see also Diaz-*

19-70641

*Reynoso v. Barr*, 968 F.3d 1070, 1089-90 (9th Cir. 2020) (remanding where the BIA failed to consider all evidence relevant as to CAT).

Thus, we grant the petition for review and remand Camacho Caballero's CAT claim to the BIA to reconsider the claim in consideration of all relevant evidence, including his credible testimony and the corroborating documentary evidence. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**